STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**KENNETH VIOLET,**
**Claimant Below, Petitioner**

vs.)    No. 19-0156 (BOR Appeal No. 2053151)
                        (Claim No. 2017019461)

**CENTRE FOUNDRY & MACHINE,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Kenneth Violet, by counsel Patrick K. Maroney, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Centre Foundry & Machine, by counsel Alyssa A. Sloan, filed a timely response.

The issues on appeal are whether Mr. Violet is entitled to add lumbar radiculopathy, lumbar biomechanical lesions, lumbar spondylosis, and other specific arthropathy as compensable conditions in the claim. Mr. Violet also requested medical treatment and additional temporary total disability benefits. On January 23, 2018, the claims administrator issued an Order which, in part, denied the authorization for a change of a physician for Mr. Violet. On January 25, 2018, the claims administrator closed the claim for temporary total disability benefits. The Workers' Compensation Office of Judges ("Office of Judges") issued a final decision dated June 29, 2019, affirming both decisions of the claims administrator. This appeal arises from the Board of Review's Order dated January 28, 2019, in which the Board affirmed final decision of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 4, 2017, Mr. Violet completed a report of injury form indicating that he injured his left lower hip and leg while lifting chains on February 3, 2017, while working for Centre Foundry & Machine. He sought treatment at Wheeling Hospital with complaints of back pain. He was diagnosed with sciatica and lumbar strain. A CT scan of the lumbar spine showed

1

middle left foraminal stenosis at L4-5 and a non-acute appearing left-sided pars defect at L5, with no spondylolisthesis resulting.[1] Mr. Violet returned to Wheeling Hospital on February 6, 2017, with complaints of left hip pain radiating down the left buttocks and leg, as well as numbness in the foot. He was again diagnosed with sciatica, and he was referred to Corporate Health for treatment. An x-ray taken of his pelvis and hip, was essentially normal.

Mr. Violet began treatment with Ross Tennant, FNP, at Corporate Health on February 7, 2017. He was diagnosed with an acute lumbar strain with radiculopathy. Mr. Ross took Mr. Violet off of work and the claim was ruled compensable on February 9, 2017, for lumbar strain. An MRI of the lumbar spine on February 11, 2017, showed unilateral pars interarticularis defect on the left at L5-S1, without spondylolisthesis, as well as right foraminal stenosis at L3-4 and left foraminal stenosis at L4-5 due to disc bulging. The MRI also showed spurring and facet arthropathy with right foraminal protrusion at L4 and L3, with left foraminal protrusion at L4-L5. Mr. Violet returned to Mr. Tennant on March 17, 2017, at which time Mr. Tennant indicated that he could return to his previous employment with restrictions as of March 17, 2017. An EMG performed on March 21, 2017 showed chronic left L5 radiculopathy of the left lower extremity.

Mr. Violet was seen by John Levy, M.D., at Greater Pittsburgh Orthopedic Associates on April 5, 2017. Dr. Levy diagnosed Mr. Violet with lumbar strain with radicular symptoms, although he noted that the symptoms are not in a true radicular pattern. He stated that Mr. Violet's EMG was positive for L5 radiculopathy; however, his examination was not consistent with lumbar radiculopathy. Dr. Levy opined that he could do sedentary work. Mr. Violet returned to see Dr. Levy on May 12, 2017, at which time he expressed that he planned to get a second opinion.

Mr. Violet saw Ronald Hargraves, M.D., on June 6, 2017, at which time Dr. Hargraves noted that his symptoms are primarily due to the left L5 pars defect. On a Diagnosis Update form, Dr. Hargraves indicated that the diagnoses included lumbar pars defect, neuralforaminal stenosis, and lumbar facet arthropathy. Dr. Hargraves sent a letter to the claims administrator on June 16, 2017, regarding the office visit. He recommended continued physical therapy and an evaluation at the West Virginia University Pain Clinic. Dr. Hargraves found Mr. Violet's L5 pars defect to be non-acute. The claims administrator withheld the request from Dr. Hargraves to add the diagnoses of lumbar pars defect, neuroforaminal stenosis, and lumbar facet arthropathy on June 29, 2017.

On July 14, 2017, Dr. Stoll completed a Physician Review regarding the additional conditions and indicated that Mr. Violet has pre-existing degenerative spondylosis, as well as a L5 pars defect, that is chronic in nature. Dr. Stoll stated that the requested conditions are not related to the lumbar strain and that the ongoing treatment of Mr. Violet's lumbar spine would be for treatment of the pre-existing lumbar spondylosis and L5 pars defect. Following Dr. Stoll's assessment, the claims administrator denied the request to add lumbar pars defect, neuroforaminal stenosis and lumbar facet arthropathy to the claim on July 27, 2017. Mr. Violet grieved the decision and the Grievance Board recommended that the decision be affirmed on August 22, 2017. The

---

[1] A pars defect is defined as a defect of stress fracture in the pars interarticularias of the vertebral arch, which is a segment of the vertebrae that makes up the arch surrounding the spinal cord.

claims administrator affirmed the decision on August 23, 2017, and Mr. Violet protested the claims administrator's decision.

An Allegiant Managed Care report was completed on August 30, 2017, at which time the evaluator noted that Mr. Violet was released to return to work on March 17, 2017. He returned to work on March 20, 2017, but was laid off on July7, 2017, which was unrelated to his work-related injury. The claims administrator withheld authorization for a referral to Dr. Hargraves on September 29, 2017, pending the receipt of an independent medical evaluation report. On October 10, 2017, Rebecca Thaxton, M.D., completed a Physician Review not recommending that Mr. Violet is sent for a re-evaluation with a neurosurgeon as his lumbar radiculopathy and lumbar neuroforaminal stenosis are not related to the compensable condition in the claim.

Mr. Violet was seen by Jonathan Pratt, M.D., on October 23, 2017. Dr. Pratt requested that lumbar radiculopathy, other biomechanical lesions of lumbar region, spondylosis of the lumbar region, and other specific arthropathies, be added as compensable conditions in the claim. At the request of the claims administrator, Mr. Violet underwent an independent medical evaluation with Scott Rainey, M.D., on November 13, 2017. Dr. Rainey indicated that Mr. Violet complained of sharp stabbing pain in his low back at the beltline, which travels into his left posterior buttock and down into his posterior thigh. Dr. Rainey diagnosed him with a simple strain of the muscle fascia and tendon of the low back. He noted that this is the appropriate allowable diagnosis as related to the mechanism of injury described by Mr. Violet and is consistent with this diagnosis as well as the onset of symptoms with regard to low back pain. Dr. Rainey found him to be at maximum medical improvement in regard to this condition and that he would be able to return to his pre-injury job without restrictions. Dr. Rainey indicated that the reported low back pain is consistent with the pre-existing degenerative changes. The symptoms traveling through Mr. Violet's left leg fit the nerve irritation and the EMG nerve conduction studies have been provided, which indicate chronic L5 radiculopathy of the left lower extremity. He also noted that the MRI of the lumbar spine demonstrates a unilateral pars defect on the left at L5-S1, as well as left-sided foraminal stenosis at L4-L5. He noted that these findings are indicative of degenerative changes through Mr. Violet's lumbar spine and would have pre-dated the work injury of February 3, 2017. Dr. Rainey found him to be at maximum medical improvement in regard to his lower back strain with no impairment rating.

On December 6, 2017, Mr. Violet requested authorization to change physicians to Dr. Hargraves. On December 14, 2017, Dr. Thaxton reviewed Dr. Rainey's independent medical evaluation report and found that the 0% whole person impairment rating is supported by the medical findings and that lumbar radiculopathy should not be added as a compensable condition in the claim. On December 15, 2017, the claims administrator denied the request to change physicians to Dr. Hargraves, as Dr. Hargraves declined to be a treating physician of record in workers' compensation claims. Dr. Hargraves is a neurosurgeon affiliated with West Virginia University working in Wheeling, West Virginia and does not usually act as a treating physician in workers' compensation claims. On December 18, 2017, the claims administrator closed the claim for permanent partial disability benefits and awarded no impairment. In a separate Order, on December 18, 2017, the claims administrator denied the addition of lumbar radiculopathy, lumbar

biomechanical lesion, spondylosis lumbar region, and other specific arthropathy, based on Dr. Rainey's report. Mr. Violet protested the claims administrator's Orders.

On December 19, 2017, Mr. Violet saw Mr. Tennant who agreed that he had reached his maximum medical improvement in regard to his work-related injury of lumbar strain. He was released back to work with no restrictions. As a result, the claims administrator suspended temporary total disability benefits on December 30, 2017. On December 21, 2017, Allegiant completed a closure report noting that Mr. Violet obtained a full duty work release in regard to his occupational injury. The Grievance Board, on January 17, 2018, found that the denial of the lumbar radiculopathy, lumbar biomechanical lesions, lumbar spondylosis, and other specific arthropathies, as well as the denial of the change of physician to Dr. Hargraves should be affirmed.

On January 23, 2018, the claims administrator entered an Order affirming the denial of the secondary conditions and also affirmed the denial of the change of physician to Dr. Hargraves. Mr. Violet protested the decision. Additionally, on January 25, 2018, the claims administrator closed the claim for the payment of temporary total disability benefits as appropriate medical evidence did not support the continued payment of the benefits because Mr. Violet had been found to be at maximum medical improvement.

During his March 8, 2018, deposition, Mr. Violet testified that he injured his low back on February 3, 2017, when pulling on a heavy chain while working as a hookup. He testified that he had no prior pain or problems, but he did have previous workers' compensation low back strain. Although he was released to work by Mr. Tennant on December 19, 2017, Mr. Violet testified that he believes this was a mistake. He also indicated that he has not worked at full duty since being released to work by Mr. Tennant. Mr. Violet testified that he would like to continue treating with Dr. Hargraves, but he has treated with him only one time.

In a Final Decision dated June 29, 2018, the Office of Judges affirmed the claims administrator's Orders dated January 23, 2018, and January 25, 2018. The Office of Judges affirmed the denial of additional components of the claim and determined that the claim was properly closed for temporary total disability benefits when Mr. Violet reached his maximum medical improvement. It was also found that the claims administrator's denial of a change of physicians to Dr. Hargraves was proper because it is more likely than not that he does not act as a treating physician in workers' compensation claims. On January 28, 2019, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the decision.

After review, we agree with the conclusions of the Office of Judges, as affirmed by the Board of Review. The medical records do not support a finding that the requested conditions, including lumbar radiculopathy, lumbar biomechanical lesions, lumbar spondylosis and other arthropathies, are related to the compensable injury of February 3, 2017. Dr. Rainey, Dr. Stoll, and Dr. Thaxton all opined that the pain that Mr. Violet reports in his low back is consistent with his pre-existing degenerative changes and not related to the compensable lumbar strain. The Office of Judges correctly determined that the claim was properly closed when Mr. Violet reached his maximum degree of medical improvement by Dr. Rainey on November 13, 2017. Additionally,

Mr. Violet's treating provider, Mr. Tennant, released him to return to work on December 19, 2017. West Virginia Code § 23-4-7a(c) provides that the claims administrator shall suspend the payment of temporary total disability benefits upon a finding that the claimant has reached maximum medical improvement by an evaluating physician. The claims administrator properly closed the claim for the payment of temporary total disability benefit on January 25, 2018. The Office of Judges also correctly affirmed the denial of Mr. Violet's request to change treating physicians to Dr. Hargraves. The evidence shows that Dr. Hargraves informed the claims administrator that he does not act as a treating physician in workers' compensation claims.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 19, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton